Alexander J. Taylor, Esq.
**SULAIMAN LAW GROUP, LTD.**
2500 S. Highland Ave
Suite 200
Lombard, IL 60148
(630) 575-8181
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com
Counsel for Plaintiff
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUMAN J. FISHCHESSER,<br><br>Plaintiff,<br><br>v.<br><br>AR RESOURCES, INC.,<br><br>Defendant. | Case No. 8:23-cv-00713<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>2. **REGULATION F, 12 CFR 1006** *et seq.*<br><br>3. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.*** <br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Truman J. Fishchesser ("Plaintiff"), by and through the undersigned counsel, complaining of AR Resources, Inc. ("Defendant") as follows:

1

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of Regulation F ("REG F") pursuant to 12 CFR 1006 *et seq.,* and violations the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, and Defendant conducts business in the Central District of California and maintains significant business contacts in the Central District of California.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Central District of California.

5. Defendant is a debt collection agency with its principal place of business located at 512 Township Line Road 2 Valley Square, Suite 210 Blue Bell, Pennsylvania 19422. Defendant's principal business purpose is collecting defaulted

debts on behalf of others. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

6. Prior to the events giving rise to this action, Plaintiff received medical services resulting in a balance owed ("subject debt").

7. Unfortunately, Plaintiff was unable to complete a payment toward the subject debt and defaulted on the medical account.

8. Sometime thereafter, Defendant acquired the rights to collect the subject debt.

9. In the year 2022, Defendant began placing outbound collection calls to Plaintiff's cellular telephone ending in 3831.

10. Specifically, Defendant placed no less than 8 outbound calls to Plaintiff's cellular phone prior to the hours of 8:00 AM.

11. Defendant's collection calls were disrupting to Plaintiff, more so since the call was placed prior to 8:00 AM.

12. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

13. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

**DAMAGES**

14.     Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

15.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

16.     In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

17.     Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of defaulted debts owed to others and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts owed to a third party.

21. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

22. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant used the phone and mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

25. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and f through its unlawful debt collection practices.

5

    **a.**    **Violations of FDCPA § 1692c**

26.    Defendant violated §1692c(a)(1) when it contacted Plaintiff at an unusual and inconvenient time attempting to collect subject debt.

27.    As an experienced debt collector, Defendant should assume that the convenient time for communicating with a consumer is between the hours of 8 o'clock antemeridian and before 9 o'clock postmeridian.

28.    By placing a calls to Plaintiff prior to 8:00 AM, Defendant should have known that it was attempting to communicate during an assumed inconvenient time for Plaintiff.

    **b.**    **Violations of FDCPA § 1692d**

29.    Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular during an unreasonable time period.

30.    Defendant's collection calls were disrupting to Plaintiff, more so since the calls occurred prior to 8 o'clock AM.

    **c.**    **Violations of FDCPA § 1692f**

31.    Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by calling Plaintiff prior to 8 o'clock AM, thus outside the assumed convenient time frame outlined by the FDCPA.

32.    As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, TRUMAN J. FISHCHESSER respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF REGULATION F (12 CFR 1006 *ET SEQ.*)

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Regulation F §1006.2(e)

35. Defendant is a "third party collector" as defined by Regulation F §1006.2(i)(1).

36. The subject debt is a "debt" and a "consumer debt" as defined by Regulation F §1006.2(f) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of Regulation F §1006.6**

37. Pursuant to § 1006.6(b)(1)(ii) of Regulation F, a debt collector is prohibited from communicating with a consumer, "At any unusual time, or at a time that the debt collector knows or should know is inconvenient to the consumer. In the

7

absence of the debt collector's knowledge of circumstances to the contrary, a time before 8:00 a.m. and after 9:00 p.m. local time at the consumer's location is inconvenient;..." 12 CFR 1006.6(b)(1)(ii).

38. Defendant violated § 1006.6(b)(1)(ii) of Regulation F by placing no less than 8 calls to Plaintiff's cellular telephone prior to 8 o'clock AM.

39. As an experienced debt collector, Defendant should know that it is inconvenient to communicate with a consumer is after the hours of 8 o'clock AM and before 9 o'clock PM.

**WHEREFORE**, Plaintiff, TRUMAN J. FISHCHESSER, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Regulation F, therefore violating the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

42. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

43. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a.    Violations of RFDCPA § 1788.17**

44. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

45. As outlined above, through their conduct in attempting to collect upon the alleged subject debt, Defendant violated 1788.17; and 15 U.S.C. §1692c, d and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

46. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the

RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b)

**WHEREFORE**, Plaintiff, TRUMAN J. FISHCHESSER, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: April 25, 2023

Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave
Suite 200
Lombard, IL 60148
(630) 575-8181
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*